NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0985-16T1

GLAMOROUS INC., d/b/a
ANGEL TIPS,

 Plaintiff-Appellant,

 v.

ANGEL TIPS, INC., BKG CORP.,
HAK SUN CORPORATION, and BYUNG
K. PARK, a/k/a BRUCE PARK,

 Defendants-Respondents,

 and

MUNICO ASSOCIATES and HEKEMIAN &
CO., INC., f/k/a S. HEKEMIAN &
CO., INC.,

 Defendants.
_______________________________________________________

 Submitted June 6, 2017 – Decided June 23, 2017

 Before Judges Fisher and Ostrer.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Bergen County,
 Docket No. C-235-16.

 Peter Y. Lee, attorney for appellant.

 Choi Law Firm, attorneys for respondents (E.
 Sandra Choi, on the brief).
PER CURIAM

 Defendant Angel Tips, Inc., is a franchisor of nail salons.

In 2002, it entered into an agreement with plaintiff Glamorous,

Inc., for the latter's operation of an Angel Tips franchise in

Wyckoff. Their agreement called for the arbitration of disputes

in New York of "all controversies disputes or claims between them";

the arbitration clause contained "exceptions," including an

exception for claims made by defendant against plaintiff for money

"owe[d]." Finding defendant's claim that plaintiff was

contractually obligated to renovate the Wyckoff premises did not

fall within an exception – because it was not a claim for money

owed – the trial judge enforced this provision and compelled New

York arbitration of the parties' disputes.

 Plaintiff challenges the judge's ruling, arguing the order

either (1) violated "New Jersey public policy," (2) constituted

an erroneous application of New York law, or (3) represented an

erroneous judicial rewriting of the arbitration clause. We find

insufficient merit in these arguments to warrant discussion in a

written opinion, R. 2:11-3(e)(1)(E), and affirm. We add only the

following brief comments.

 The record reveals that when the franchise agreement was

renewed in 2014, the parties discussed the need for a redesign of

plaintiff's Wyckoff premises. In 2015, defendant made such a demand

 2 A-0985-16T1
on plaintiff. The record also suggests that plaintiff engaged in

this process by hiring an architectural and design group and by

making a few partial payments toward the development of renovation

plans. Apparently because of the cost – approximated at $100,000

– plaintiff changed course and commenced this action.

 Plaintiff asserted in the trial court that the dispute

identified in its complaint about defendant's demand for the

renovation of plaintiff's premises was really a claim by defendant

for money owed and, thus, not arbitrable. Defendant, on the other

hand, asserted it had made no demand for money from plaintiff;

defendant demanded only enforcement of plaintiff's alleged

contractual promise to renovate the premises. In agreeing with

defendant's characterization of the dispute as a demand for

renovations – that would require plaintiff's expenditure of money

to be paid to contractors – and not as a demand by defendant for

money, Judge Menelaos W. Toskos denied plaintiff's application for

temporary restraints, granted defendant's motion to compel

arbitration in New York, and dismissed the complaint without

prejudice.

 Plaintiff's first argument – that the judge's determination

is contrary to New Jersey public policy because, in plaintiff's

view, the determination deprives it of rights and privileges

provided by the Franchise Protection Act, N.J.S.A. 56:10-1 to -31

 3 A-0985-16T1
– has no merit. The enforceability of the arbitration agreement

is governed by the Federal Arbitration Act, 9 U.S.C.A. § 1 to §

16, which has repeatedly been interpreted by the Supreme Court of

the United States to highly favor enforcement of arbitration

agreements without regard for state law. See, e.g., Kindred Nursing

Ctrs. v. Clark, 581 U.S. __, __, 137 S. Ct. 1421, __, 197 L. Ed.

2d 806, 812 (2017) (recognizing the FAA "displaces" state law that

"prohibit[s]" or "covertly . . . disfavor[s]" arbitration

agreements). To the extent New Jersey's "strong policy in favor

of protecting its franchisees," Instructional Sys., Inc. v.

Computer Curriculum Corp., 130 N.J. 324, 345 (1982), might arguably

suggest otherwise, the supremacy of federal law renders that state

policy irrelevant. Absent "grounds as exist at law or in equity

for the revocation of any contract," 9 U.S.C.A. § 2, or absent

"'generally applicable contract defenses' like fraud or

unconscionability," Kindred Nursing, supra, 581 U.S. at __, 137

S. Ct. at __, 197 L. Ed. 2d at 812 (quoting AT&T Mobility LLC v.

Concepcion, 563 U.S. 333, 339, 131 S. Ct. 1740, 1746, 179 L. Ed.

2d 742, 751 (2011)), to which state law may provide grounds for

avoiding arbitration, see Atalese v. U.S. Legal Services Grp.,

L.P., 219 N.J. 430, 446 (2014) – an argument plaintiff has not

uttered – state law and policies pose no impediments to

arbitration.

 4 A-0985-16T1
 In its second argument, plaintiff contends that, to the extent

applicable, New York law requires a determination that the

franchise agreement is void, citing N.Y. Gen. Bus. Law §683(1),

which declares that an offer or sale of a franchise must follow

an "offering prospectus" or "disclosure document" registered with

the appropriate governmental body. This argument was raised for

the first time on appeal and, consequently, does not require our

consideration. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229,

234 (1973). Moreover, New York law has not been shown to be a bar

to arbitration. Even if it was, as we noted above state law and

policies may not stand in the way of the strong federal policy in

favor of arbitration. To the extent New York law may have

relevance, it would only go to the merits of the claim and not

whether the claim is arbitrable. We offer no view of the impact

of New York law on these arbitrable claims; we leave such questions

for the arbitrator.

 Lastly, plaintiff contends the judge erroneously "rewrote"

the parties' arbitration agreement. Again, we disagree. The

parties' agreement calls for the arbitration of all their disputes

with exceptions not applicable here. The only exception relied

upon by plaintiff is that which exempts claims by defendant for

money owed to it by plaintiff. In interpreting this exception, the

judge didn't rewrite the contract; he merely recognized – and

 5 A-0985-16T1
correctly – that defendant had not demanded money from plaintiff.

Defendant contends only that plaintiff is contractually obligated

to renovate the premises – an obligation that likely will require

plaintiff's payment of money to others, i.e., contractors

performing the work, not defendant. So viewed, this is not a

dispute falling within the exception upon which plaintiff relies.

 Affirmed.

 6 A-0985-16T1